UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ANNE KUKLA,

      Petitioner,

vs.

MILLICENT WARREN,

      Respondent.
      _____/

Civil Action No. 10-CV-14124

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Jennifer Anne Kukla has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of her state criminal convictions for two counts of first-degree murder. Having reviewed the petition, the court finds that petitioner has failed to identify the grounds upon which she seeks habeas relief in her pleadings. Therefore, the court will dismiss the petition without prejudice.

Following a jury trial in Macomb County Circuit Court, petitioner was found guilty but mentally ill of two counts of first-degree premeditated murder concerning the deaths of her two daughters. She was sentenced to concurrent terms of life imprisonment. Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the great weight of the evidence. The court denied relief on those claims and affirmed petitioner's convictions. *See People v. Kukla*, No. 282017, 2009 WL 3199503 (Mich. Ct. App. Oct. 9, 2009). The Michigan Supreme Court denied leave to appeal. *See People v. Kukla*, 485 Mich. 1081, 777 N.W.2d 422 (2010). On her form habeas petition, petitioner lists three Michigan case citations as her three claims. She does not set forth her federal claims in words, nor does she recite

any facts to indicate the basis of her claims.

Promptly after the filing of a habeas petition, the court must determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). The court may summarily dismiss a habeas corpus petition if it plainly appears that petitioner is not entitled to relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Having undertaken the preliminary review required by Rule 4, the court concludes that the petition must be dismissed without prejudice for failure to state a claim upon which relief may be granted. As noted above, petitioner lists Michigan case citations for her three claims, but does not indicate on what grounds she seeks federal habeas relief or attach her state court pleadings. Consequently, the court cannot identify the claims which petitioner seeks to pursue on federal habeas review.[1]

For these reasons, the court concludes that petitioner has failed to state a claim upon

---

[1] Further complicating matters is the fact that petitioner states she did not present her second and third claims to the Michigan Supreme Court. A Michigan prisoner seeking habeas relief must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a Michigan prisoner must fairly present the factual and legal bases for her claims to the Michigan Court of Appeals and the Michigan Supreme Court. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Because petitioner has not clearly identified her claims, the court cannot determine whether she has exhausted them.

which habeas relief may be granted in her petition. Accordingly, the court shall dismiss the petition without prejudice.

Before petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the court concludes that reasonable jurists could not debate whether the court is correct in its procedural ruling. Accordingly, the court shall not issue a certificate of appealability. The court shall likewise deny petitioner leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

SO ORDERED.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 18, 2010
　　　　Detroit, Michigan